15754

SUMTER FERTILIZER MANUFACTURING COMPANY v. BAKER ET AL.

(34 S. E. (2d), 681)

*Mr. Louis M. Shimel,* of Charleston, S. C., Counsel for Appellants,

*Messrs. Hagood, Rivers & Young* of Charleston, S. C., Counsel for the Respondent,

July 18, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

This suit was brought by the plaintiff, Sumter Fertilizer Manufacturing Company, against Morris Baker, Louis Baker, and Frank M. Kline doing business under the firm name of M. Baker & Sons, for the purpose of enforcing specific performance of a written contract for the purchase of certain real estate situate in the county of Charleston. The case resulted in a decree by the Circuit Court directing the defendants to accept the deed as tendered by the plaintiff, and pay the balance of the purchase price. From this judgment the defendants appeal.

On the 16th day of April, 1945, appellants entered into a written contract with the respondent whereby they agreed to purchase the real estate therein described for the sum of $22,500.00. They paid $10,000.00 on account of the purchase price, and agreed to pay the balance within thirty days from the date of the contract, upon delivery of good and marketable title to the premises. Within the thirty-day period the appellants refused to accept a deed to the premises tendered by the respondent, upon the ground that respondent did not have a good marketable title. Appellants, however,

are ready and willing to pay the balance due on the purchase price and accept title to the premises if it should be adjudged that respondent owns a fee-simple title.

The defect pointed out in respondent's title has to do with the absence of the word "heirs" from two of the deeds constituting links in its chain of title.

The respondent is a South Carolina corporation, doing business in Sumter County. It acquired title to the premises in question under the following circumstances:

On January 20, 1933, Wulbern Fertilizer Corporation, a South Carolina corporation, was the owner in fee of the premises, subject to the lien of a mortgage held by J. C. Koster, a substituted trustee for the holders of the bonds secured by the mortgage, and subject to the lien of a mortgage held by the South Carolina National Bank of Charleston. Default having been made in the payment of the Koster mortgage, a foreclosure proceeding was instituted by him as trustee, in which proceeding Wulbern Fertilizer Corporation, the owner, and the South Carolina National Bank of Charleston, the holder of the second mortgage, were made parties. The foreclosure proceeding resulted in a decree directing the sale of the premises. The decree provided that the defendants in the cause and all persons claiming under them be forever barred and foreclosed of all right, title, interest and estate in the mortgaged premises, and directed the master to make and execute to the purchaser a good and sufficient deed to the premises upon compliance with the terms of sale.

On June 10, 1935, Koster, the plaintiff in the foreclosure action, filed a petition stating that pursuant to the decree of the Court the property was offered for sale, and that there were no bidders. That the property had been theretofore sold by the sheriff for nonpayment of taxes, and that more than a year had elapsed since that sale; that the property not having been redeemed, title was made to the Forfeited Land Commission for Charleston County, and that thereafter the

Forfeited Land Commission sold and conveyed the property to A. E. Tisdale, trustee; that the accumulated taxes on the property approximated $1,900.00, which in the opinion of the petitioner was as much as the value of the property, or more, and that Tisdale, trustee, offered to pay $150.00 for a master's deed in order that the title to the premises from the Forfeited Land Commission might not be questioned. Thereupon, an order was made by the Court directing that the master execute and deliver to Tisdale, trustee, a deed of conveyance to the premises described in the complaint upon payment by Tisdale, trustee, of the sum of $150.00. The Master thereafter reported that pursuant to the decree he sold the mortgaged premises to A. E. Tisdale, trustee, for $150.00; that he received that amount from him, and disbursed the proceeds in compliance with the Court's order.

The Master's deed recited the bringing of the suit by J. C. Koster, as substituted trustee, and the decree directing him to sell and convey the premises to A. E. Tisdale, trustee, for $150.00. The deed contained the following provisions:

"Together with all and singular the Rights, Members, Hereditaments and Appurtenances to the said premises belonging, or in anywise incident or appertaining; and all the estate, right, title, claim and interest whatsoever, of the parties to the cause aforesaid, and of each of them, in and to the same; and of all other persons rightfully claiming from, under, or by these or any of them.

"To Have and To Hold, all and singular, the premises before mentioned, unto the said A. E. Tisdale, Trustee, his successors and assigns forever."

The deed did not specify the nature of the trust nor designate the person for whom Tisdale acted as trustee, and did not contain the word "heirs".

On June 8, 1935, A. E. Tisdale, trustee, received a deed from the Forfeited Land Commission for Charleston County, conveying the premises described in the complaint. That deed contained the following clauses:

"Being the same premises forfeited for non-payment of taxes assessed in the name of Wulbern Fertilizer Corporation and duly sold and conveyed by the sheriff to the said Forfeited Land Commission by deed dated Twenty-Fifth May, 1935, and recorded in R. M. C. Office in Book R-38, at Page 199.

\* \* \* \* \*

"To Have and To Hold all and singular the said premises before mentioned unto the said A. E. Tisdale, trustee, his successors and assigns forever."

The deed from the sheriff of Charleston County to the Forfeited Land Commission recited the issuance to him by the county treasurer pursuant to "An Act in Relation to Forfeited Lands, Delinquent Lands and Collection of Taxes," approved December 24, 1887, 19 St. at Large, p. 862, and Acts amendatory thereof, of a warrant against Wulbern Fertilizer Corporation, a defaulting taxpayer, directing the sheriff to levy by distress and sale of the personal property of the taxpayer, and if sufficient personal property should not be found, then by distress and sale of the land of the Wulbern Fertilizer Corporation; and further recited the sale of the premises after due advertisement to the Forfeited Land Commission; and that although twelve months had elapsed since the day of sale, the defaulting taxpayer, and other parties interested, after due notice, had failed to redeem the land sold for taxes.

The deed conveyed the premises to the Forfeited Land Commission, its successors and assigns forever, according to the form, force and effect of the laws and usages of the state of South Carolina in such cases made and provided.

Upon the death of A. E. Tisdale (he was a citizen of Sumter County), in a suit brought by his widow in her own right and as administratrix, against her two minor children, it was adjudged that the premises involved were in fact the property of the respondent; that Tisdale intended that the title be vested in himself as trustee for the respond-

ent's benefit; and the master for Sumter County was directed by the decree of the Court to convey, and the master did convey, the premises to the plaintiff, its successors and assigns forever. The sole heirs at law of Mr. Tisdale were his widow and his two minor children—parties to the suit just mentioned.

Inasmuch as the property was located in Charleston County, it was adjudged by the Court of Common Pleas for Charleston County, in a proceeding thereafter instituted by the widow against her minor children, that the conveyance by the master for Sumter County be ratified and confirmed. It was further adjudged that the legal title to the premises was vested in the plaintiff as the owner thereof in fee, the Court stating that while the premises were originally conveyed to A. E. Tisdale, trustee, and while the term "trustee" ordinarily would be merely *descriptio personae* yet the record showed that the grantee was vested with the title as trustee for the use and benefit of the plaintiff, and that the entire purchase money was paid by it. The Court further stated that there was no reason for the execution of another deed, as all of the parties who could claim under Mr. Tisdale had been made parties to the proceedings brought in Sumter County and in Charleston County.

In the deed from the master of Charleston County to A. E. Tisdale, trustee, and in the deed from the Forfeited Land Commission of Charleston County to A. E. Tisdale, trustee, the *habendum* clause contained the word "successors" after the word "trustee", but did not contain the word "heirs". Appellants contend that because the word "heirs" was omitted from the deeds, and because the deeds did not designate the nature of the trust, the word "trustee" was *descriptio personae,* and that therefore the grantee did not acquire a fee-simple title, but only a life estate.

We cannot agree with this position. In our opinion, the judgment of the Circuit Court, from which we quote, and the reasoning upon which it is based, are sound and correct:

"The deeds having been given to a trustee, the word 'successors' was the proper word to convey the fee.

"Furthermore, one of the deeds was given by the master as an officer of the Court. It was his duty to give such a deed as was directed by the decree of the Court, and that decree directed the master to sell the entire property. It did not direct him to sell a life estate only. The other deed was given by the Forfeited Land Commission of Charleston County, which under the statute is authorized to sell lands deeded to it, and there is nothing in the records to suggest that the trustee for the corporation bought the property for his life only, especially in view of the fact that the amount paid by him with corporate funds represented the full value of the entire property, and not a life estate only.

"A case directly in point is the case of *Carolina Savings Bank v. McMahon,* 37 S. C., 309, at page 316, 16 S. E., 31 (at page 34.)

"'As to the first objection, while it is quite true that the word "heirs" is necessary to create an estate in fee by deed, and if nothing else appeared we would be compelled to give effect to this strict, technical rule, yet we think there is quite enough in this case to relieve us of the necessity of applying this purely technical rule. It will be observed that the deed in which this important word is wanting is not a deed from one private individual to another, but it is a deed made by an officer of the law, in his official capacity, under the mandate of the court, which required him to sell all the estate of the judgment debtor, McBride, in the premises, whatever such estate might be, and he had no authority to sell anything more or anything less. When, therefore, the sheriff, under this mandate, undertook to sell the premises in question as the property of the judgment debtor, McBride, he

must be regarded as having sold all the estate which McBride had in the premises; and accordingly the deed purports to convey "all the estate, title, and interest which the said Patrick McBride, one of the firm of McBride, Hanckel & Co., of right had in and to the same." Now, as there can be no doubt that the estate of McBride was a fee, as shown by the terms of his deed from Johnson, it follows necessarily that Sheriff Shingler could only sell, and did sell, to the purchaser, W. B. Smith, the fee, who, upon compliance with the terms of the sale (which is admitted), was entitled to receive from the sheriff a conveyance in fee.'

"The sheriff of Charleston County was acting in his official capacity when he executed a conveyance in fee simple to Forfeited Land Commission. The Forfeited Land Commission intended to convey a fee to Tisdale, as trustee. The master acted under a decree of the Court that ordered a conveyance of the fee. The records of Charleston County show that Tisdale in fact was Trustee and used the funds of Sumter Fertilizer Manufacturing Company to pay the master, and to pay the Forfeited Land Commission. The grantors and grantees in each instance evidently recognized these facts and made and accepted conveyances that were appropriate to the facts as they existed.

"From the facts as shown to the Court in this case, I find that the Sumter Fertilizer Manufacturing Company is vested with a good and marketable fee-simple title to the property described in the complaint * * * ."

There is no merit in the suggestion of appellants that Wulbern Fertilizer Company, the owner of the premises at the time the foreclosure suit was brought, was a necessary party to the two suits subsequently instituted in Sumter County and in Charleston County, in which the trust was established, nor were the holders of the mortgages necessary parties to such suits. Their rights had been theretofore barred in the foreclosure proceeding.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.